UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY L. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 00415 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | Judge Charles P. Kocoras |
| ARTHUR DAVIDA, SARAH MAYS, and | ) | |
| LOREATHA COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Sarah Mays ("Mays") and Loreatha Coleman's ("Coleman") (collectively, the "Defendants") partial motion to dismiss Plaintiff Sidney L. Peterson's ("Peterson") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Defendants' motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Peterson's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff Peterson is an Illinois resident who was formerly incarcerated at Stateville Correctional Center in Joliet, Illinois. Defendants Mays and Coleman were

employed at the Stateville Correctional Center as a licensed practical nurse and a registered nurse, respectively.

During his incarceration, Peterson was prescribed a genital warts medication known as "Podocon-25." This is a topical medicine that "is a powerful caustic and severe irritant prescribed for the removal of soft genital warts." Podocon-25's packaging includes the warning: "PODOCON-25© IS TO BE APPLIED ONLY BY A PHYSICIAN. IT IS NOT TO BE DISPENSED TO THE PATIENT." Despite this warning, Peterson alleges that the Defendants refused to apply the medication to his genital warts, instructing him to do it himself. As a result, Peterson claims that he "suffered personal injuries to his penis caused by applying the Podocon-25 to his genital warts."

Due to his injuries, Peterson initially filed a *pro se* complaint on January 25, 2016, which was voluntarily dismissed without prejudice on January 25, 2018.[1] Peterson then filed the instant complaint in a separate action on January 21, 2019, asserting claims of deliberate indifference pursuant to 42 U.S.C. § 1983 and a state law negligence claim. Peterson asserts the new cause of action based on substantially similar facts to his 2016 complaint. The Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 15, 2019.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill*

---

[1] *Peterson v. Davida et al.*, No. 1:16-cv-1135.

*Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Peterson need not provide detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Defendants move to dismiss for two reasons: (1) Peterson did not sufficiently allege that the Defendants were deliberately indifferent, and (2) Peterson's state law negligence claim is barred by the statute of limitations. The Court addresses each argument in turn.

**I. Deliberate Indifference Allegations**

The Eighth Amendment's prohibition against cruel and unusual punishment, as incorporated by the Fourteenth Amendment, imposes a duty on the states "to provide adequate medical care to incarcerated individuals." *Holloway v. Delaware Cty. Sheriff*,

3

700 F.3d 1063, 1072 (7th Cir. 2012). "Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate." *Id.* To successfully claim deliberate indifference, "a plaintiff must (1) demonstrate that his medical condition is objectively, sufficiently serious and (2) demonstrate that the defendant acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted).

For a condition to be "objectively, sufficiently serious," it must either be "diagnosed by a physician as mandating treatment" or be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Peterson's complaint alleges that he had genital warts, and physician Arthur Davida prescribed Podocon-25 to treat the condition. Accordingly, the complaint sufficiently pleads the existence of a serious condition.

Next, Peterson must allege that the Defendants had the requisite state of mind. As the Seventh Circuit has held, "[d]eliberate indifference requires that a defendant actually know about yet disregard a substantial risk of harm to an inmate's health or safety." *Rasho v. Elyea*, 856 F.3d 469 (7th Cir. 2017). This standard demands "more than negligence and it approaches intentional wrongdoing." *Holloway*, 700 F.3d at 1073. "For a medical professional to be held liable under the deliberate indifference standard, he must make a decision that is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person

4

responsible actually did not base the decision on such a judgment." *Id.* Peterson's allegations do not plausibly support the inference that the Defendants had the necessary state of mind. Indeed, Peterson merely alleges that the Defendants "knew that plaintiff would suffer personal injuries if plaintiff attempted to apply the Podocon-25 to his genital warts." This is precisely the type of conclusory pleading that Rule 12(b)(6) was meant to address. Given that Peterson has not sufficiently alleged that the Defendants had the requisite state of mind, his deliberate indifference claim must be dismissed.

## II. Statute of Limitations for State Law Negligence

The Defendants assert that the Court should dismiss Peterson's state law negligence claim because it is barred by the applicable statute of limitations. In Illinois, there is a two-year statute of limitations for claims grounded in personal injury. 735 ILCS 5/13-202. Peterson claims to have exhausted his administrative remedies as of January 10, 2016, meaning that he had until January 10, 2018 to bring a state law negligence claim. The operative complaint in his 2016 suit did not include a negligence count. Therefore, Peterson did not avail himself of his rights within the statutorily permitted timeframe.

Moreover, the relation back doctrine of Federal Rule of Civil Procedure 15(c) and 735 ILCS 5/2-616 cannot save this claim, as those procedural rules only govern amendments to an existing complaint and not new causes of action, as is the case before the Court. *See Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 18 ("Section 2-616 of the Code governs the amendments of pleadings and not refiled causes of actions.").

5

Accordingly, Peterson's state law negligence claim is dismissed because it is barred by the statute of limitations.

## **CONCLUSION**

For the aforementioned reasons, the Court grants the Defendants' motion. It is so ordered.

Dated: 05/23/2019

_____

Charles P. Kocoras
United States District Judge